(*Supreme Court of Illinois.*)

### Lucia Hausen

### vs.

### Norman Hausen.

(Opinion filed March 24, 1885.)

HUSBAND AND WIFE—DIVORCE—CRUELTY—WHAT CONSTITUTES. A general offensive bearing on the part of the husband and the habitual use of grossly improper language to the wife are sufficient proof of cruelty to secure a decree of separate maintenance even though there are no acts of violence.

Appeal from appellate court, second district, affirming a decree of the circuit court of Lee county.

MULKEY, J.:—

This is an appeal from a judgment of the appellate court for the second district affirming a decree of the circuit court of Lee county, dismissing a bill brought by Lucia Hausen, the appellant, against her husband, Norman Hausen, the appellee, for separate maintenance. The parties have been married since the 8th of July, 1866, and, as the fruit of the marriage, have a daughter of weak mind, whose interests and welfare demand the care and oversight of her mother who is

a woman of culture, high respectability, and, in every way, well fitted to have the care and custody of the child. The evidence tends to show the father is the very reverse of the mother with respect to fitness for such a trust. And there can be but little, if any doubt, the interests of the child will be best conserved by committing her to the care of the latter. The parties are estranged and have for some time been living apart, and an examination of the testimony justifies the conclusion there is no probability they will ever again be reconciled. The evidence of Mrs. Hausen brings the case clearly within the principles announced by this court in *Farnham v. Farnham,* 73 Ill. 497, and we have no disposition to modify anything that was said in that case. In this, as in that, the chief ground of complaint is the general offensive bearing and habitual use of the grossly improper language of the husband to his wife, which is simply intolerable to any woman of refinement and culture, as the evidence clearly shows she is. We cannot set forth the language attributed to him for the reason that it is so grossly obscene and profane as to shock every sense of propriety and decency, and consequently it is not fit matter to be reproduced in a judicial opinion. It is true the husband denies most of the charges which his wife makes against him, and a number of their acquaintances and neighbors are called in who testify they never saw or knew of any improper conduct on his part or of any difficulty between them. So far as this negative testimony is concerned we do not attach much importance to it. It is altogether unlikely that one guilty of the conduct attributed to the appellee would be so reckless and indifferent to public esteem and the respect of his neighbors as to expose himself by the commission of such gross improprieties in their presence. Appellant, himself, swears that his conduct and bearing toward her in the presence of others than the servants and her own people was always respectful and proper, hence these witnesses do not at all contradict her. While for the reasons already stated, we are not permitted to set out the details of her testimony, yet we cannot do less than say there is much in it that carries with it the conviction of its truth. There are many expressions in it that could scarcely have been

manufactured by a chaste, refined woman as she appears to be.

Besides this she is strongly corroborated by a number of disinterested witnesses, some of whom were former servants in the family, while on the other hand, he is not corroborated at all except so far as the negative testimony above adverted to may be deemed a corroboration. In short, we think, the decided weight of testimony is with the appellant and that the circuit court erred in not entering in her favor.

The judgment of the appellate court will therefore be reversed, and the cause remanded with directions to that court to reverse the decree and remand the cause with directions to the circuit court to ascertain by reference to the master, or otherwise, what will be a reasonable allowance out of the husband's estate for the separate maintenance of appellant and their daughter, and to enter a decree securing and providing for its payment according to the prayer of the bill and the provisions of the statutes in that behalf.

Reversed and remanded.

### NOTE.

The above opinion was found among the papers of Judge Tuley. There was a note attached thereto as follows:

"The defendant never struck his wife—never inflicted any bodily injury whatever upon her. He simply threatened to beat her."—Ed.